**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JENNIFER KAMRASS,

      Plaintiff,

    vs.

ADVENTIST HEALTH
SYSTEM/SUNBELT, INC. d/b/a
ADVENTHEALTH CENTRA CARE,

      Defendant.

Case No. 2:22-cv-02100-JWB-ADM

## PROTECTIVE ORDER

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because Plaintiff has asserted claims of pregnancy discrimination under federal law. Protection of the identified categories of confidential information is necessary because the parties anticipate exchanging sensitive, proprietary, or personally identifying information that is subject to applicable state and/or federal privacy statutes. Given the nature of the parties' claims and defenses, it may become necessary to produce confidential employment, personal, medical, and/or financial information regarding Plaintiff. Plaintiff believes that such information could encompass sensitive, personal, nonpublic information and that the disclosure of such information would violate her privacy rights.

Further, it may be necessary to produce personnel records of current and/or former employees of Defendant (documents that are otherwise kept confidential), and Defendant's sensitive financial business records and/or confidential and proprietary information related to Defendant's business and operations.  Defendant believes that, if such information was released to the general public, Defendant would suffer injuries because the information would become available to Defendant's competitors who may use such information in direct competition with Defendant and/or to negatively impact Defendant's business and its ability to operate long term; moreover, the confidentiality and privacy rights of Plaintiff and Defendant's current/former employees would be violated.  Further, Defendant believes that public disclosure of private personnel information of employees not a party to this matter could expose Defendant to legal claims regarding the privacy of same and/or result in adverse consequences for former employees at future employers. To protect the privacy and confidentiality of Plaintiff, Defendant's current and/or former employees, and Defendant's protectable business interests, the parties believe a protective order is required to limit the production and dissemination of these categories of information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' Joint Motion for Entry of Stipulated Protective Order (ECF 13) and enters the following protective order:

**1.    Scope.**  All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.        Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

- Personnel files and other employment files relating to Plaintiff and Defendant's employees' performance, discipline, or other matters where the employee may have an expectation of privacy;

- Personally Identifiable Information, including social security numbers, bank or other financial account information, and dates of birth of Plaintiff and current or former employees of Defendant;

- Medical information of Plaintiff, and current and/or former employees of Defendant;

- Documents submitted to the EEOC and/or the Kansas Human Rights Commission that are not publicly available;

- Proprietary, organizational, or other confidential business records, including records created by Defendant, and/or records relating to or from customers or clients of Defendant;

- Financial and/or tax records of Plaintiff and Defendant;

- Documents related to any of Defendant's trade secrets; and

- Records whose disclosure are restricted or prohibited by statute, agreement, or otherwise.

Information or documents that are available to the public may not be designated as Confidential Information.  The identification of a document or category of documents above as Confidential shall not be construed as an agreement as to the relevance or discoverability of the document(s) by the party in possession.

**3.**      **Form and Timing of Designation.**    The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

**4.**      **Inadvertent Failure to Designate.**    Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted in writing to the opposing party within fourteen (14) days after discovery of the inadvertent failure.  Upon receipt of such notice, counsel shall maintain and restrict the use of such information in accordance with the terms of this Protective Order.

**5.**      **Depositions.**    Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the

deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.** **Protection of Confidential Material.**

**(a)** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

**(b)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties and their employees, agents, and representatives;

(2) Counsel for the parties and their employees and agents;

(3) The Court and court personnel, including any special master appointed by the Court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(6) Any mediator appointed by the Court or jointly selected by the parties;

(7) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, provided the person is first informed of his or her duty to maintain the confidentiality of the Confidential Information;

(8) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, or to the extent counsel has a good faith belief that the person should be provided access to such information in order for counsel to more effectively prosecute or defend this case, and provided the person is first informed of his or her duty to maintain the confidentiality of the Confidential Information;

(9) The author or recipient of the document (not including a person who received the document in the course of the litigation);

5

(10) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(11) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.

**7.     Filing Confidential Information.**  A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.  If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.     Challenges to a Confidential Designation.**  Any party may challenge the designation of any material or document as Confidential Information.  But before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to

challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9.      **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.  The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

10.     **Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)     **Return of Confidential Documents.**  Upon request and within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the

7

parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.     **Order Subject to Modification.** The Court may modify this Order on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.     **Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13.     **No Prior Judicial Determination.**  This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order

---

[1] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

14.    **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.    **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16.    **Protections Extended to Third-Party's Confidential Information.**  The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18.    Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**    Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by

10

said rule, nothing in this Order limits a party's right to review documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated May 26, 2022, at Kansas City, Kansas.

/ Angel D. Mitchell

Angel D. Mitchell
U.S. Magistrate Judge
